**Reversed and Remanded and Majority and Dissenting Opinions filed June 26, 2012.**



In The

# Fourteenth Court of Appeals

———————————

## NO. 14-11-00356-CV

———————————

**JOHN B. PLUNKETT, Appellant**

**V.**

**JUSTIN CURTIS NALL, ROBERT W. NALL, AND OLGA L. NALL, Appellees**

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 09-DCV-177458-A**

## DISSENTING OPINION

I respectfully dissent. In my opinion, the Nalls' motion for summary judgment addressed all causes of action asserted by Plunkett. Accordingly, we should overrule Plunkett's sole issue and affirm.

Plunkett's negligence claims against the Nalls are stated in the Plaintiff's Original Petition as follows:

5.02 The Nall Defendants are each liable for common law negligence.

5.03 Defendants failed to exercise due care in their undertaking. Once the Nall Defendants undertook the responsibility to protect those persons at their

party from harm, they had the responsibility to do so as a reasonable ordinary person would do under the same or substantially the same circumstances. The Nall Defendants failed to do so, and as an actual and proximate cause of that failure, your Plaintiff was damaged.[1]

The Majority Opinion accurately states:

> The crux of Plunkett's negligence allegation is not that the Nalls owed a duty as social hosts to prevent intoxicated guests from driving. Plunkett recognizes there was no such duty. Rather Plunkett alleges that, once the Nalls *voluntarily* undertook to prevent intoxicated guests from driving (for which they otherwise owed no duty), they had a duty to act with ordinary care.

The Nalls' motion for summary judgment specifically addressed Plunkett's claim that the Nalls' voluntary undertaking created a duty to Plunkett; the Nalls specifically moved for summary judgment on the ground that no duty was thereby created. The Motion for Summary Judgment states:

> Plaintiff alleges that the Nall Defendants knew that their guests would be imbibing alcohol and, therefore, "required that all attendees remaining at the party at and after midnight on January 1, 2008, and still in attendance would be required to spend the entire night at the Premises"….
>
> ….
>
> Under the facts as alleged in Plaintiff's Original Petition, the Nall Defendants have no duty to Plaintiff, and they are entitled to summary judgment as a matter of law….

The Nalls arranged the Argument and Authorities section of their Motion for Summary Judgment into two parts:

---

[1] Nowhere in the pleadings of either party are the words "negligent undertaking claim" used. However, each side addressed elements of a claim for "negligent undertaking," Plunkett in his petition, and the Nalls in their motion for summary judgment.

**No statutory or common law duty is owed by a social host.**

**Absent a legal right to restrain a guest, a host owes no duty to a guest to do so.**

Under the second part, the Nalls cite authorities in response "to the arguments of Plaintiff in the case at bar that the Nall Defendants assumed a duty by telling their guests they had to stay till morning if they were still there at midnight." The Nalls discuss the case law in connection with Plunkett placing "a great amount of emphasis on the alleged 'rule' of the Nall hosts that required a guest who was still at the home at midnight to spend the night," asserting that the courts refuse to recognize the assumption of duty argument in such cases.

On appeal, Plunkett's sole issue is that the trial court erred in granting summary judgment because the Nalls' motion for summary judgment did not address Plunkett's cause of action based on a "negligent undertaking" theory.[2] In my opinion, the Nalls' motion for summary judgment clearly addressed this alleged cause of action, asserting as a ground for summary judgment that no duty to Plunkett was created by the Nalls' voluntary undertaking. Accordingly, Plunkett's sole issue should be overruled, and the judgment should be affirmed.

/s/ Margaret Garner Mirabal
Senior Justice

Panel consists of Justices Seymore, Boyce, and Mirabal.[3] (Seymore, J., Majority).

---

[2] We do not have before us the issue of whether the Nalls' motion for summary judgment was meritorious on the law. We only have a pleading issue—whether all causes of action were addressed in the motion for summary judgment.

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.